**Rennil DAVINSI,[1] Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 03–4141–AG NAC.

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

Theodore N. Cox, New York, New York, for Petitioner.

David Kelley, United States Attorney for the Southern District of New York, Richard C. Kay, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

Present: Hon. John M. WALKER, Jr., Chief Judge, Hon. Ralph K. WINTER, and Hon. Robert D. SACK, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review from a decision of the Board of Immigration Appeals ("BIA"), it

---

1. As Petitioner has indicated in his brief that his name was misspelled on the docket sheet, the official caption is amended to reflect the correct spelling.

is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Rennil Davinsi, a native and citizen of Indonesia, petitions for review of a BIA decision affirming an immigration judge's ("IJ's") denial of asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales,* 331 F.3d at 306–13; *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

As an initial matter, we lack jurisdiction to consider Davinsi's argument that country conditions in Indonesia warranted an exception to the one-year filing deadline for his asylum application. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). Because the IJ's imposition of that deadline was determinative in this case, we have no reason to disturb the IJ's denial of asylum. There is also no basis to disturb the IJ's denial of withholding of removal based on Davinsi's failure to corroborate his testimony with police reports and affidavits from his grandfather and a friend. Davinsi testified that these documents were available, yet he has failed to produce them to date. Because Davinsi's failure of proof provided an independent basis for the IJ's denial of withholding, that decision must be upheld, regardless of any other errors that may exist in the IJ's reasoning. *See Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 394–95 (2d Cir.2005). Finally, by failing to brief the issue of CAT relief before this Court, Davinsi has waived that claim. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).